McGREGOR W. SCOTT
United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LEONARDO VELASQUEZ-MARTINEZ,<br>JOSEPH ANDRADE,<br><br>  Defendants. | CASE NO. 1:19-CR-00144-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>CURRENT DATE: January 27, 2021<br>TIME: 1:00 p.m.<br><br>PROPOSED DATE: April 28, 2021<br><br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on January 27, 2021. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters. This order, as well as previous and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on January 27, 2021.

2. By this stipulation, defendants now move to continue the status conference until April 28,

2021, and to exclude time between January 27, 2021, and April 28, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 700 pages of reports and other documents, and approximately 60 audio and video recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this mater, to discuss potential resolutions with their clients, to investigate and prepare pretrial motions, and to otherwise prepare for trial.

   c) Counsel for defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Order 618 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 27, 2021 to April 28, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| Dated: January 15, 2021 | McGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ ANGELA L. SCOTT<br>ANGELA L. SCOTT<br>Assistant United States Attorney |
| Dated: January 15, 2021 | /s/ GABRIEL J. PACHECO per email authorization<br>GABRIEL J. PACHECO<br>Counsel for Defendant<br>LEONARDO VELASQUEZ-MARTINEZ |
| Dated: January 15, 2021 | /s/ CHRISTOPHER CAINE per email authorization<br>CHRISTOPHER CAINE<br>Counsel for Defendant<br>JOSEPH ANDRADE |

## ORDER

IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **April 28, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:  **January 15, 2021**            /s/ Barbara A. McAuliffe
                              UNITED STATES MAGISTRATE JUDGE